Filed 8/1/23  P. v. Shorter CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B320016 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA054743) |
| v. | |
| ANTHONY SHORTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Hector M. Guzman, Judge.  Reversed and remanded with directions.

Carol J. Ojo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Anthony Shorter challenges the trial court's order summarily denying the recommendation of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence. The People concede that the trial court erred and that the matter must be remanded for a new hearing pursuant to Penal Code section 1172.1.[1]

We agree with the parties and accordingly reverse and remand the trial court's order with directions to appoint counsel for defendant and hold a noticed hearing.

## PROCEDURAL BACKGROUND

*Original conviction and first appeal*

In 2003, defendant was convicted of three counts of first degree burglary, three counts of receiving stolen property, and one count of theft. Three prior serious felony allegations and "strike" allegations were also found true. Defendant's total sentence was 90 years to life. Defendant appealed the judgment, and we affirmed. (*People v. Shorter* (July 7, 2005, B174700) [nonpub. opn.].)

*First petition for recall and resentencing; appeal; remand*

On February 27, 2015, defendant filed a petition for recall and resentencing pursuant to section 1170.18, subdivisions (a) and (f). The trial court granted his petition in part; his total prison sentence remained 90 years to life. Defendant appealed, and we affirmed the judgment. (*People v. Shorter* (Mar. 8, 2016, B263972) [nonpub. opn.], at p. 2.)

Defendant filed a petition for review (S233177), which the Supreme Court granted, and the matter was transferred back to the Court of Appeal. On September 27, 2017, we remanded defendant's case to the trial court. (*People v. Shorter* (Aug. 25,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

2020, B301955) [nonpub. opn.], at p. 2.) On February 26, 2018, the trial court held a resentencing consideration hearing and reduced defendant's section 484e, subdivision (d), conviction to a misdemeanor. (*People v. Shorter*, *supra*, B301955, at p. 2.)

*Second petition for recall and resentencing and appeal*

"'On September 30, 2018, the Governor signed Senate Bill 1393 which, effective January 1, 2019, amend[ed] sections 667[, subdivision] (a) and 1385[, subdivision] (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. [Citation.]' (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) The newly amended statutes prompted defendant to file a motion to strike or dismiss his prior serous felony enhancements pursuant to sections 667, subdivision (a)(1), and 1385." (*People v. Shorter*, *supra*, B301955, at p. 3.)

"The trial court summarily denied his motion on September 19, 2019, with a notation to 'see previous denials.'" (*People v. Shorter*, *supra*, B301955, at p. 3.)

Defendant timely filed a notice of appeal, and on August 25, 2020, we affirmed the trial court order. (*People v. Shorter*, *supra*, B301955, at p. 4.)

*Instant petition for recall and resentencing*

In a letter received by the trial court on March 18, 2022, the CDCR recommended recalling defendant's sentence in accordance with former section 1170.03, subdivision (a)(1).[2] On March 28, 2022, without appointing counsel or holding a hearing, the trial court declined to recall the sentence: "The court has read the CDCR Secretary's letter filed March 18, 2022. The letter is recommending recall and resentencing due to a change in

---

[2]     Effective June 30, 2022, former section 1170.03 was renumbered section 1172.1 without change.

3

the law.  Effective January 2019, courts were authorized to exercise their discretion to strike prior serious felony convictions. The defendant was sentenced in 2004, well [before] the change in law.  The defendant's case has been final on appeal for some time now.  [¶]  In addition, this court previously denied the same request from the inmate on September 30, 2018.[3]  The court again declines to exercise its discretion."

This timely appeal ensued.

## DISCUSSION

Section 1172.1, subdivision (a)(1), provides, in relevant part:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the [CDCR] . . . , the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant . . . ."  (§ 1172.1, subd. (a)(1).)  "In enacting this code section, the Legislature amended and renumbered former section 1170(d), which had included the above-quoted language."  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)

When a trial court receives a former section 1170, subdivision (d)(1), letter from the CDCR, it "has broad discretion whether to recall the existing sentence and resentence the incarcerated individual.  '[T]he Secretary's recommendation letter is but an invitation to the court to exercise its equitable jurisdiction[,]' which 'furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence[.]' [Citation.]"  (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 469.)

---

[3]      The appellate record does not contain an order dated September 30, 2018.

4

However, "[r]esentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(8).) The trial court must provide notice to the defendant, set a status hearing within 30 days of receiving the Secretary's recommendation, and appoint counsel to represent the defendant. (§ 1172.1, subd. (b)(1).) The statute also includes a presumption in favor of recall and resentencing, which may only be overcome if the trial court finds that the defendant is an unreasonable risk of danger to public safety as defined in subdivision (c) of section 1170.18. (§ 1172.1, subd. (b)(2).)

Here, there is no indication in the appellate record that the trial court provided notice to defendant, set a status hearing date, appointed counsel to represent defendant, or otherwise gave defendant the opportunity to address the basis for its rejection of the recommendation. There is also no indication that the trial court, in reaching its decision, applied the new standard and presumption set forth in section 1172.1. Thus, we must reverse the trial court's order and remand it for further proceedings. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041.)

That said, we remind the parties that the recall-and-resentencing decision remains an equitable and discretionary one.[4] The trial court is not obligated to recall defendant's sentence even under the new statute, and it may consider evidence of defendant's dangerousness in weighing the public safety issue. It is, however, required to apply the new presumption in favor of recall and hold a counseled hearing

_____

[4] In light of our determination that a remand is appropriate, we do not address defendant's argument that the trial court's "[r]easons" for declining his petition constituted an abuse of discretion.

where the parties may make a record.  (§ 1172.1, subds. (a)(8), (b)(2).)

## DISPOSITION

The order denying defendant's petition for recall is reversed and the matter is remanded to the trial court for a new hearing in accordance with section 1172.1.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT